Whenever you're ready. Good morning, Your Honors. Michael Doane on behalf of the appellant, Kenneth Brown. I'll reserve five minutes for rebuttal. We have an interesting appeal here, a case of first impression for the Ninth Circuit and for any circuit court for that matter. Why is it a case of first impression? I mean, I'm sympathetic to what happened under here, but this seems pretty clear that this is part of the bankruptcy estate. Okay. Well, it's a case of first impression because it hasn't been decided yet by any circuit court. Well, what hasn't been decided? Whether a, I mean, whether property that exists. Is your argument that the property didn't, the proceeds didn't vest or what, until after the bankruptcy filing? Because if it's pre-bankruptcy filing, it's not a question of first impression by any stretch. Well, we have two statutes here, 348 and 549, and how they interplay with each other. Oh, I see. So you're saying, you're agreeing that the normal case law would suggest that this was part of the bankruptcy estate, but you're saying it's a question of first impression as to whether the specific statute overrides that general rule. Correct. If 348 wasn't there, I would say 549 applies, end of story. But 348 changes everything. It's the only provision in the bankruptcy code that defines, specifically defines property of the estate coming from a Chapter 13. In the other chapter, we have no problem. So if we treat this as a case of first impression, we're not bound by what the BAP said, right? We could come up with what we think the rules should be in this context, right? Correct. Okay. So why shouldn't the rule be that when someone who's in bankruptcy or about to be in bankruptcy makes a payment to a close relative that there was no obligation to make, that we don't assume, at least presumptively, that it really was sort of a false transfer, they're going to get the money back from the relative when bankruptcy's over, or the relative's going to give them a favor back in 10 years, and really it's still in the control of the transferor? Why wouldn't that be the best rule for this to govern this kind of ---- I think you have to just follow the text of the bankruptcy code. But the bankruptcy code, it asks us to talk about control. So why isn't this constructive control? Why isn't Jason still in control of the money that he gave to his brothers to hide in the closet? Well, I think the case law is pretty well defined on that. Well, what case tells us that if you give it to your brother to, you know, stash, why wouldn't it have been appropriate for the bankruptcy court to think he's just kind of hiding it with his brothers? Well, the bankruptcy appellate panel actually addressed that and specifically said until you exercise that power, you have no finality on the merits of control. But we're not bound by what the BAP said. So why isn't it a good rule to assume, at least presumptively, maybe it could be rebutted, maybe he could come in with evidence saying, no, no, that's not what we did, you know, the brothers were never going to give this back. But why isn't it a kind of reasonable presumption that it still is in control of someone who, you know, if you give it to your kid to put in their piggy bank, why isn't that still in control of the parent? Because that's what the case law says. What case law tells us that? This would be the first court to say that. I mean, you have the bankruptcy code, which says, you know, if it's out of the possession or the control, then it's no longer part of the estate. You've got 542. But what case tells us that control can't have a broad meaning in this context of transfers between relatives? I think you're split. So are you saying if I give it to a family member, that's one thing, if I give it to Wells Fargo, that's another thing because one is more strict and one is more accessible to get back from the other? Yeah. You would be going against the trend of case law all across the U.S. It's pretty well defined that once you remove property from the estate, you have to use a trustee power to bring it back in. All right? And the BAP was very clear on that. They said it's no longer in the possession, and we can give you that. I don't think there's any argument there. You mean the distributions? Once he made the distributions to his brothers. When he made the distribution to my client. At what time are you talking? So these distributions were during the Chapter 13. Yeah. All right. So my client, innocent receiver. When you say it's no longer in the estate, you're talking about the Chapter 13. How is it that my client, who is an innocent receiver, puts the money in his bank under the control of somebody else? I don't see that. Wait, what? Oh, because your client is not Jason. You're the brother. Right. Right. So how does Jason still have control over my client? How do I have control over your bank? But so why wasn't it your client's burden to come in and say, I don't even talk to Jason. He has no ability to get this money back. We never had an agreement that I would give it back. I mean, the Bankruptcy Court thought that he had made a transfer to you that was a bad faith transfer, and it seems like maybe a normal assumption would be it was sort of asking you to hide it in the closet. But so maybe you say, no, no, that's not what this was. There's no provision in the Bankruptcy Court that requires my client to come forward and prove an opposite of what the trustee is trying to do. I mean, he's the defendant. And we have to look at the black letter of the law. You've got to look at what it specifically says. Is there something like if we were to remand and say we need factual findings on whether there was sort of an implicit agreement that this was just being stashed with the brothers, would you be able to show that that's not what the implicit agreement was? I think we're stretching it to find some sort of control. Can I ask a question? The Bank went over that in detail. More fundamentally, I don't understand how you got to this place. Jason, the brothers gave up their right and let Jason take it all over. It makes no sense. If Jason was trying to do something, all he had to do was go by the original estate plan and the only thing the bankruptcy trustee could have gotten is Jason's money. They couldn't have gotten Kenneth's money. So the only reason that the bankruptcy trustee could get that is because the three brothers gave up their right to Jason. So why did that happen? There was a will. Jason received the money. There were disclaimers that were exercised. So technically, those disclaimers solidified it before the bankruptcy estate. Jason still felt obligated to follow the will, gave it to the brothers 25% back each. But why did they ever disclaim their ownership to the 25%? My understanding is that it was a tax issue in the probate court. A tax issue for the other brothers. So was this a plan from the beginning to evade taxes and then come back? No. It was a probate matter. And again, I think we're getting off the subject here, which is 349. We're not really getting off the subject because at the end of the day, there's no question that because of that agreement to give all of the money to Jason, this money became part of the bankruptcy trustee. And then whatever else he does with it, the trustee has the right to reach out and get it. That's just basic. I'm not even a bankruptcy lawyer and I understand that. I mean, this is so basic. I don't understand why we should deviate from that. If I have money and I give it to you, I don't have possession. We meet problem number one. But the bankruptcy trustee can go after it if it's money. Under power. Yeah, under 549. That's the power. We have to look at the law. Why are we trying to invent words? And when we have the law here, I mean, law versus Siegel says you've got to follow the law. You can't use equitable considerations where you have clear law. How is this an equitable? I don't understand how this is an equitable consideration. This is just like every other transfer that happens. How is that like any other transfer? If property is disposed of and a third party now has it, what gives me the right to ask for that third party back? Indian giving? There's no such thing as a law in India. You've got to have a power. 549. That's the power. The bankruptcy code gives specific powers for post-petition transfers. The trustee was operating under that power. And it seems like you're trying to. But he has that power. And he has that power. And it seems like you're trying to skirt that power and just say, well, it's not really given away. Doesn't he really have control? And the answer is no, he doesn't have control. He gave it away. Kenneth, my client can do whatever he wants with it. 549 says the trustee may avoid a transfer of property of the estate that occurs after the commencement of the estate of the case and is not authorized under this title or by the court. Correct. And your position is that this transfer was not after the Chapter 7 commencement. Correct. But it was after the Chapter 13. Correct. And so if it's after the Chapter 13, it's not part of the. . . Because of 348. If you remove it during 13. . . So now we're into Chapter 7. You had it kind of backwards in time. We had the 13 first in the 7. Right. So if it's removed in the 13 and then you have 549 in the 7, well, 549 in the 7 deals with property of this new estate, which is defined by 348, and it allows you to undo those transfers that are in the control or possession. My understanding is that we have a Chapter 7 because the trustee wanted it as a sanction for his sending this property outside of the estate of the Chapter 13. And that's a whole other separate matter, too. But I don't think it's relevant to this appeal. It's part of the story. I'm sorry? It's part of the story. It's part of the story. It deals with 1307 and the absolute right to dismiss, which Jason did do, but then the court ordered it converted anyways without any consideration of the black letter of the law under Law v. Siegel. But that hasn't been appealed. I mean, now that's done, right? That's done. That's done, yeah. I'd like to reserve, if I may. Sure. Good morning. My name is Yosina Lisbeck, and I represent the bankruptcy trustee, Christopher Barkley, in this matter. I think what has just occurred here is exactly what you said is the issue. What the appellant is trying to argue is that 549 should have restrictions. And that just isn't there. There is no restrictions that say the transfer has to take place during the chapter that is taking place at that certain time. 549 is a broad power. It gives the trustee, which it's exclusive to the trustee, the right to claw-brack property of the estate. And that's exactly what happened here. So this is just a normal exercise of that, right? It is. That's my understanding, but I guess I didn't understand that came out of 549. But I knew the claw-back provision. And the key determination is when that property was acquired by the person who declared bankruptcy, correct? And that's exactly what the bankruptcy court and the BAP stated. But there's no dispute here that when the brothers gave up their right, that's when the property became Jason's. I don't hear him making the argument that it was after acquired because we had to wait for the sale. That's correct. It was a pre-petition interest that Jason had, that the debtor had. The bankruptcy court went into this in several different levels. She analyzed it first from the aspect of what you just said, that it was a pre-petition interest. It was pending before the bankruptcy case. The sale of the father's property was pending before the bankruptcy was filed. And then so it was clearly a pre-petition property of the estate. The brothers had waived their interest, so it was the debtor's interest. But that all is true, but that doesn't tell us what Rule 348 has. I mean, because then there's a conversion, and then we get into this thing of what does 348 mean. So everything you just said doesn't really seem to help us with that. So can you talk about what 348 does? Sure. I was addressing his question, so I think it was a bit different. But absolutely. And what I think there is is there's two different ways that we can broach that same topic. One is like what I was saying was through the 549 clawback. You can look at 541A. It allows if an avoidance action is successful, that property then becomes property of the estate under 550. So there's that. That's what Judge Spraker was saying. But don't we have to look at the time of conversion? I mean, the statute does say about at the time of conversion what's in the possession or control. You can. There's two ways, just as Judge Spraker said. There's two ways you could look at this issue. There's one that you could just look at 549, and you could claw it back through 541 and 550. Or two, you could look at the, and which is what the majority said, is you could look at 348, and you could say, hmm, was the legislation of intent here to really say that if there was a bad faith transfer, that we're going to take it out of the converted estate? And that's what the case law that's cited by numerous authorities says. We are going to read that. We're going to say, well, if there's a good faith use of funds during the Chapter 13, we're going to protect the debtor in that case from a turnover motion because we think that we shouldn't preclude Chapter 13 debtors from trying hard to pay back the Chapter 13 plan. So we're not going to punish them if the case is converted and that property is no longer in their estate. The trustee is not going to be able to go after the debtor. And that's exactly what happened in Salazar. But just so I'm clear, this then hinges on whether this was deemed to be a bad faith transfer. Absolutely. So why, what is our review of that? Because as I read this until I heard this part about this other text, I was trying to, to me, it looked like it was a brother who was actually trying to be nice. And so I'm like, well, why is that bad faith? Now it sounds like there might be a little more color to that story. Well, there's a, yes, and I think the court went into great detail finding why there was bad faith. It was actually the reason of the prior appeals that were denied. But what the judge said was that there was repeated, first they disclosed the asset at $2,500 value. That was the initial finding. Although, let me ask you about that. Because, I mean, he didn't know how much it was. I mean, that may have been bad faith. It may have not have been. But at the end of the day, they only got $12,000. And he may not have known how much that was actually worth at the time that he made that disclosure. But the judge did find that he did know. Because she found that the sale was pending. He knew how much the, I take it the mortgage is what discounted it. Correct. He had known what the mortgage was. He had known what the attorney's fees. So he knew the amount before the. It seems like an odd thing for a debtor to do, to acknowledge an amount and then intentionally say. It doesn't help him to say it was only $2,500 versus $12,000. Correct. It doesn't. And then I think there was also a lot of different factors that were transparent through the Chapter 13. But the bottom line is the bad faith determination is not, is it before us? Well, it is and it isn't. The action was a 549 action. That plain and simple. The trustee avoided the action through 549. Both courts affirmed that their 549 transaction was appropriate. I'm not sure you're answering his question. Can we try to get to a clearer answer? So isn't your answer that the bad faith determination is relevant to what we're considering but is not contested anymore? Like, don't we have to take as given the bad faith determination at this point? Yes. Yeah, I think that was the clear answer. And there are limits on what you can do with your property when you're into Chapter 13. This was beyond that. Yes. So what do you think of the idea I proposed that there's some notion of constructive control? Is this like crazy under bankruptcy or would that make sense in this context to say there's constructive control? I think it would make sense. If you read back again to Judge Mann's decision, I think she was trying to kind of state that that's what she thought had taken place. So I don't think it's a crazy idea. I think she was saying that there was this control over it. In fact, during the 13, because the 549 of the trustee, of course, didn't take place until the Chapter 7, he could have gone after his own brothers for the transfer. So he did have constructive control over it. And that's what she was trying to make clear. The BAP took the argument a little differently, but I do believe that there is a basis for that. And what is – so do we need to identify a particular kind of legal action that would have worked to be able to say that there's constructive control? Or could it just be a kind of between-close-relatives presumption when there's a bad-faith transfer between close relatives that we assume it's not really a transfer? I think there's definitely – when it's an insider transfer, we do have that definition in various sections of the code. I think there is an increased scrutiny for those types of transfers because, as you stated, those sorts kind of tend to hide the bad-faithness between family members. So I think that wouldn't be, again, something that would be far-fetched or something that would be unheard of in the Bankruptcy Code. If we thought that would be the rule, do you think there would need to be a chance to rebut it, like it should be a presumption? Or do you think it should be an absolute rule? Again, looking at the historic role of what the code does, I think a rebuttable presumption would be a valid fairness. It seems like that's fairer. I think it would be fair. If that's the case, because this does seem to be kind of a new question, I mean, if we were to articulate a constructive control test, should they have a chance to rebut it? I think they should have a rebuttal presumption. I think you never know what the factors are in a given circumstance. And I think that, again, looking at the different codes and how things play, that is not, again, something that is unusual to have a rebuttable presumption. So if we said that was sort of the real explanation of what happened here and how it fits in with the control language, we should remand for a chance for them to rebut? We could. I don't think in this case that happened. Do they? Yeah, I don't. Or have they already kind of revealed that? If you look at the facts in this case, because of the waivers, because they've already told basically the world that they had no control over this and then it was transferred back, I think that the evidence was already there that this was a bad faith transfer. I think during the court's finding of bad faith, if there had been a rebuttal presumption, I think she would have hashed it out at that time. Is this really what happened when it got converted to the Chapter 7? Exactly. Exactly. That's why the case was. This was Judge Mann who was the judge? Yes, it was Judge Mann. And that is why the case was converted on the court's ruling. It wasn't even the party's ruling because of this bad faith that had happened.  So let's see where this is. There are interrogatories in the record. So I think this is Kenneth Brown's responses to interrogatories. And he says they never discussed the bankruptcy. And I think he says that he didn't really intend to give this money up, even though he kind of did. I'm trying to find the exact sentence. Let's see. Well, anyway, I think you agree that there's something to that effect in this interrogatory. So if there is, is that enough to at least make it that we should remand for further elaboration to figure out if they could rebut? Or do you think it's not enough? I don't think it's enough. And I don't think they ever argued it. And, in fact, I think the BAP stated that Kenneth's arguments were never made clear about that he didn't challenge the determination in any way during either the summary judgment motion or any of the subsequent motions thereafter. I guess I found it. It was never my intent to surrender with no consideration paid to me any rights to any inheritance. So, I mean, if that's true and Jason gave him the money because they thought that he hadn't actually yielded it, then maybe it's not so fair to think that Jason was still in control of the money because the brother's understanding was it really became Kenneth's and not that Kenneth was stashing it for Jason. But the judge already took that into consideration when she determined the 549 action. That was evidence before the court. And she already looked at that and determined that that was the waivers were the evidence that was creating the issues in the first place. And the interrogatory evidence wasn't enough to rebut that. Thank you. Thank you for the helpful argument. You have some time for rebuttal. Thank you. And just to elaborate on that, the BAP said, at best, Jason had a claim against his brothers and a right to initiate a lawsuit against them to attempt to recover the inheritance proceeds. To determine that such a claim and right give Jason control of the inheritance proceeds presupposes that his lawsuit will succeed. And until that claim is adjudicated, he has no legal right to recover the inheritance proceeds from his brothers. I don't see why we're not bound by that. Right. So we can just think that's wrong. Exactly. But I don't. But you are bound by the Supreme Court. And when the Supreme Court says that you've got to follow the code, you've got to follow the code. In Law v. Siegel, Merrimah, the court said, Merrimah most certainly did not endorse, even in dictum, the view that equitable considerations permit the bankruptcy court to contravene express provisions of the code. 349 is an express provision of the code that deals with possession and control. How do you get around that? The BAP got around it by reading. That's what control means. Well, and then, you know, the BAP defined control, went to Webster's Dictionary and defined what control is. And I'm not going to get into that. I'm wasting my time. Can I ask a more fundamental question? And I'm probably on very thin ice here. But as I read 348, it says, in a converted case shall consist of property of the state as of the date of filing of the petition. As I understand it, and I'm not familiar with this part of the bankruptcy area, but when the bankruptcy, as I understand it, the bankruptcy court did this on its own, converted it on its own. Was there a filing of a petition to convert it? It just gets converted. But the language says as of the date of the filing of a petition. I take it a debtor who's in bankruptcy could file a petition to convert. Yes. But that's not what happened here. Correct. In 95% of the cases, the debtor converts. No, the debtor converts, but that's not what happened. Correct. Right. In this case, it was converted. But is there a filing of a petition? The petition remains from day one. The case remains from day one. Oh, so it goes back to the original petition. There's not a separate petition to convert. No, it's the same petition. Thank you for indulging me. But the trustee asked for the conversion. Correct, over the debtor's objection. But the petition that it's referencing here is as of the date of the original petition. Back to day one. And that's where 348 comes in and says, we still have the same petition, but we're redefining property of the estate. Which is why you say that you just look to what was there when it was converted. And that's what all the cases pretty much across America do. And they bring in an exception, though. And they say, you know, if it's spent in the ordinary course, ordinary and necessary course, then fine, it's not property of the estate. But if it's outside that course, you have the power to do that. But that exception that all those courts have done is not very language-based either, right? There's no control there at all. It's found anywhere in the code. Thank you, Your Honor. And that's what I was trying to say is law v. Siegel completely changed that. And, you know, it says when you have an express provision of the code, you cannot contravene it. I mean, that's just the black letter of the law. Why are we trying to reinvent language that Congress has created? We can do that if it's ambiguous, if it's absurd, if it doesn't fit the whole scheme of things. But there's other ramifications and remedies for bad faith conduct. Assuming, and I think the Court made a finding, there was bad faith on Jason Fine. That triggers 342F2, which says, okay, whatever property you have now is part of the Chapter 13 on conversion. So post-petition property. You won the lottery. You got $100,000.  All right? Doesn't get us anywhere because it was already spent pre-petition. So bad faith doesn't get us anywhere. But there's other provisions of the code. 707, 727. 707 will dismiss a case. 727 will deny a discharge if there's post-transfers of property. And then in law v. Siegel, they talk about, you know, 9011 sanctions, criminal penalties. There's criminal ramifications for post-petition transfers. The whole bankruptcy code can operate as a scheme, as one whole. That gets to the debtor. As to the debtor. Again, my client's an innocent receiver. Then you're home free. And there's other areas of the code that specifically address this. We don't have to reinvent the wheel at 348. 348 is black letter. I mean, I don't see why we need to reinvent it. Thank you. We understand your argument. Thank you, both sides, for the helpful arguments. The case is submitted, and we're adjourned for the day. Thank you. All rise.
judges: Schroeder, Friedland, Nelson